FILED
SUPERIOR COURT
OF GUAM

2020 DEC -4 PM 2: 19

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0123-20 |
|---|---|
| vs. | DECISION AND ORDER |
| JONATHAN WALTER CRUZ, Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 29, 2020, for remote hearing on Defendant Jonathan Walter Cruz's ("Defendant") Motion to Dismiss the Indictment ("Motion to Dismiss"). Present via teleconference were Defendant with counsel, Assistant Alternate Public Defender Brycen J. Breazeale, and Assistant Attorney General Richelle Y. Canto on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On February 25, 2020, Defendant was indicted with the following charges: (1) Attempted Burglary (As a Second Degree Felony); (2) Family Violence (As a Misdemeanor); (3) Attempted Criminal Trespass (As a Misdemeanor); and (4) Criminal Trespass (As a Petty Misdemeanor) - 2 Counts. (Indictment, Feb. 25, 2020). These charges stem from allegations that on or about January 2, 2020, Defendant entered his ex-girlfriends residence without her

*People v. Cruz*
Case No. CF0123-20
Decision and Order

permission and attempted to punch her when she entered. (Decl. of Sean E. Brown, Magistrate's Compl., Feb. 21, 2020). After Ms. Philips blocked the punch, Defendant pulled her hair, and she had to fight to prevent him from gaining access to the inside of her residential unit. *Id.* GPD officers searched the area for Defendant but could not locate him. *Id.* Earlier that night, Ms. Philips and Defendant got into an argument at her residence, and GPD had been alerted. *Id.* The GPD officer who responded counseled both Ms. Philips and Defendant. *Id.* The GPD officer told Defendant he had to leave, which he appeared to do so. *Id.* Later that night, GPD received a call from Ms. Philips who reported that Defendant was again in the fenced area connected to her residential unit. *Id.*

On March 11, 2020, Defendant asserted his right to a speedy trial.[1]

Jury Selection and Trial was set to commence on April 22, 2020, but was vacated due to the closure of non-essential government operations due to the COVID-19 (coronavirus) pandemic.

On October 7, 2020, Defendant filed the instant motion. On October 14, 2020, the Government filed its Opposition, and on October 22, 2020, Defendant filed his Reply.

On October 29, 2020, the Court heard oral arguments from the parties and subsequently placed the matter under advisement. The Court also requested that Defendant submit for its review the police reports referenced in the Motion under seal. On November 3, 2020, Defendant filed under seal GPD Report No. 20-00239.

## DISCUSSION

Defendant moves the Court to dismiss the Indictment because (1) it is defective as to the Attempted Burglary and Attempted Criminal Trespass Charges; (2) it is defective as to the Criminal Trespass Charge; and (3) the Family Violence Charge must be dismissed because the Government withheld exculpatory evidence from the grand jury. *See generally*, Mot. Dismiss, Oct. 7, 2020.

---

[1] Defendant's asserted status has been tolled since March 16, 2020, pursuant to the Supreme Court of Guam's Administrative Orders ADM20-207 through ADM20-413 in light of the current COVID-19 (coronavirus) pandemic.

*People v. Cruz*
Case No. CF0123-20
Decision and Order

## A. Whether the Indictment is Defective as to the First Charge of Attempted Burglary (As a Second Degree Felony) and the Third Charge of Attempted Criminal Trespass (As a Misdemeanor)

Defendant first argues that the First Charge of Attempted Burglary (As a Second Degree Felony) and the Third Charge of Attempted Criminal Trespass (As a Misdemeanor) must be dismissed because the Government "failed to allege an essential element" of each charge, to wit, that it was "habitable property." (Mot. Dismiss at 5-6). The Government opposes, arguing that the Indictment is sufficient as to these two charges as it contains the elements of the crime alleged and adequately informs the defendant of the crime. (Opp'n at 3-4, Oct. 14, 2020).

The Indictment alleges as follows:

### FIRST CHARGE

On or about the 2nd day of January 2020, in Guam, JONATHAN WALTER CRUZ did commit the offense of *Attempted Burglary (As a Second Degree Felony)*, in that he did attempt to enter or surreptitiously remain in the property of *Christina Phillips* with the intent to commit the crime of assault therein, at a time when the premises were neither open to the public nor the Defendant licensed or privileged to so enter, in violation of 9 G.C.A. §§ 37.20(a) and 37.20(b) and 13.10.

### THIRD CHARGE

On or about the 2nd day of January 2020, in Guam, JONATHAN WALTER CRUZ did commit the offense of *Attempted Criminal Trespass (As a Misdemeanor)*, when, knowing that he was not licensed or privileged to do so, he did attempt to enter or surreptitiously remain in the property [sic] *Christina Phillips,* in violation of 9 GCA §§ 37.30(a) and 13.10, as amended.

(Indictment, Feb. 25, 2020).

Under Guam law, "[a] person is guilty of burglary if he enters or surreptitiously remains in any habitable property, building, or a separately secured or occupied portion thereof, . . . with intent to commit a crime therein, unless the premises are at the time open to the public or the defendant is licensed or privileged to enter . . ." 9 G.C.A. § 37.209(a). Habitable Property "has the meaning provided by [section] 34.10 and includes any such property whether or not a person is actually present therein." 9 G.C.A. § 37.10(a). Section 34.10 defines habitable property as

"any structure, vehicle or vessel adapted for the accommodation or occupation of persons." 9 G.C.A § 34.10.

Generally, an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charge." 8 G.C.A. § 55.10(a). It is well established that an indictment is sufficient if: (1) it contains the elements of the crime charged; (2) adequately informs the defendant of the crime to allow him to defend against the charges; and (3) is stated with sufficient clarity to bar subsequent prosecution for the same offense. *People v. Jones*, 2006 Guam 13 ¶ 12.

Here, it is clear that the Government did not charge Defendant with entering or surreptitiously remaining in any "habitable property," as the Indictment simply alleges that he attempted to enter or surreptitiously remain "in the property of *Christina Phillips*" for both the First and Third Charges. *See* Indictment, Feb. 25, 2020. Accordingly, the Court finds that the indictment is defective as to the First Charge of Attempted Burglary (As a Second Degree Felony) and the Third Charge of Attempted Criminal Trespass (As a Misdemeanor), because they do not contain all the essential elements of the crime charged.

**B. Whether the Indictment is defective as to the Fourth Charge of Criminal Trespass (As a Petty Misdemeanor) - 2 Counts**

Next, Defendant moves the Court to dismiss both counts of the Fourth Charge of Criminal Trespass (As a Petty Misdemeanor) because he alleges the Indictment is also defective as to these counts as the Government has failed to allege an essential element: that notice against trespass was given to Defendant. (Mot. Dismiss at 6-7). The Government argues that the indictment is sufficient as to this charge because the Indictment clearly "references the allegation that Defendant was on notice that he was not licensed or privileged to enter." (Opp'n at 5). The Government also sets forth that the "grand jury was presented with evidence that prior to the incident charged, Defendant had been counseled by GPD officers and told to leave the area." *Id.*

The Indictment charges Defendant with Criminal Trespass as follows:

# FOURTH CHARGE

## Count One

On or about the 2nd day of January, 2020, in Guam, JONATHAN WALTER CRUZ did commit the offense of Criminal Trespass, when, knowing that he was not licensed or privileged to do so, he did enter or surreptitiously remain in the property of *Christina Phillips* within the fencing or other enclosure manifestly designed to exclude intruders, in violation of 9 GCA 37.30(b)(3), as amended.

## Count Two

On or about the 3rd day of January, 2020, in Guam, JONATHAN WALTER CRUZ did commit the offense of Criminal Trespass, when, knowing that he was not licensed or privileged to do so, he did enter or surreptitiously remain in the property of *Christina Phillips* within the fencing or other enclosure manifestly designed to exclude intruders, in violation of 9 GCA 37.30(b)(3), as amended.

(Indictment, Feb. 25, 2020).

Under Guam law, criminal trespass is defined as follows:

(a) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or surreptitiously remains in any habitable property or any building or any motor vehicle. . .

(b) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

   (1) actual communication to the defendant;

   (2) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders; or

   (3) fencing or other enclosure manifestly designed to exclude intruders. An offense under this Subsection constitutes a petty misdemeanor if the offender defies an order to leave personally communicated to him by the owner of the premises or other authorized person or a peace officer. Otherwise it is a violation.

9 G.C.A. § 37.30(a)-(b). In this case, the Government charged Defendant with Criminal Trespass under section 37.30(b)(3), which requires that Defendant enter or remain in any place "as to which notice against trespass is given by fencing or other enclosure manifestly designed to exclude intruders." Therefore, while the Government may argue that Defendant was counseled by GPD to leave the area, the provision of Criminal Trespass that Defendant is charged with requires that he enter or remain "in any place as to which notice against trespass is

given by fencing or other enclosure manifestly designed to exclude intruders." 9 G.C.A. § 37.30(b)(3). Here, the Indictment does not allege that notice against trespass was given, and is therefore defective.

### C. Whether the Government failed to present exculpatory evidence to the grand jury as to the Second Charge of Family Violence (As a Misdemeanor)

Lastly, Defendant moves the Court to dismiss this matter because the Government failed to present exculpatory evidence to the Grand Jury. (Mot. Dismiss at 7-8). Specifically, Defendant cites to two lines in the police report that the Prosecutor skipped over during the grand jury proceedings referencing the alleged victim's refusal or medical services when offered and the responding officer's injury check noting no visible injuries and that the alleged victim did not complain of any injuries upon inquiry.

In opposition, the Government sets forth that the "facts that Victim lacked injuries and did not seek medical attention do not tend to negate the allegation that Defendant attempted to cause bodily injury to the Victim. They are not exculpatory evidence and as such, the People were not obligated to disclose such evidence." (Opp'n at 5-6). The Government further argues that it did "present to the grand jury evidence that Victim lacked injuries," indicating that the "portion of the police report that stated Victim claimed she did not have any injuries was read to the grand jury at the presentment," citing the Grand Jury Recording at 2:43:44 - 2:43:48. *Id.* at 6.

In this case, Defendant is charged with Family Violence (As a Misdemeanor), as follows:

#### SECOND CHARGE

On or about the 2nd day of January, 2020, in Guam, JONATHAN WALTER CRUZ did commit the offense of Family Violence (As a Misdemeanor), in that he did recklessly cause or attempt to cause bodily injury to another family member or household member, that is, *Christina Philips,* in violation of 9 GCA 33.10(a)(1) and 30.20(a).

(Indictment, Feb. 25, 2020).

Under Guam law, "the prosecuting attorney shall submit any evidence in his possession which would tend to negate the guilt and the grand jury shall weigh all the evidence

submitted." 8 G.C.A. § 50.46. The Court, after reviewing the grand jury recording and the police report submitted under seal, notes that the lines referencing the alleged victim's injuries were in fact not read to the grand jury. The Court is concerned that the prosecutor read the entire report, nearly verbatim, to the grand jury, with the exception of two statements referencing the alleged victim's injuries. The prosecutor read Officer Pewtress's statement that the officer "inquired if she had any injuries, however she complained she did not have any" then skipped the following line, "She refused medical services when offered." (Grand Jury Recording at 2:43:44 – 2:44:12). The prosecutor then continued on reading the next statements in the police report, and then skipped the portion stating "I conducted an injury check of Christina but did not notice any visible injuries, nor did she complain of any injuries upon inquiry." (Grand Jury Recording at 2:44:12 – 2:44:35).

The Court is inclined to agree with Defendant that this "is not an instance of oversight on the witnesses' part or exculpatory evidence unknown to the prosecutor at the time the case was presented to the grand jury." (Reply at 7). The Court further finds that the statements omitted are exculpatory evidence, as it is evidence that would "tend to negate guilt." *See* 8 G.C.A. § 50.46. Defendant is charged with family violence in that he either did "recklessly cause *or* attempt to cause bodily injury to another family or household member." (Indictment, Feb. 25, 2020) (emphasis added). Thus, any evidence that would negate guilt for either attempting to cause *or* recklessly causing bodily injury must be presented to the grand jury, should the prosecuting attorney have such evidence in his or her possession. In this case, evidence showing that the alleged victim was not injured, not in pain, and needed no assistance immediately after the alleged altercation was not presented to the grand jury, even though it was in the possession of the prosecutor at the time. The Court's analysis does not end here, however.

The "dismissal of an indictment is considered a 'drastic step' and is generally disfavored as a remedy." *People v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993). If an error has occurred, the Court's consideration of the dismissal of an indictment prior to trial must inquire "whether the defendant has been prejudiced by the error." *Id.* "Prejudice is demonstrated if it is established

that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from substantial influence of such violations." *Id.* (internal quotation marks and citations omitted).

Title 8 G.C.A. section 50.46 is based on proposed section 9299 of the California Criminal Procedure Code and section 939.7 of the California Penal Code. *See* 8 G.C.A. § 50.46, Note. Accordingly, the Court looks to California case law in interpreting section 50.46.

> In the context of grand jury proceedings, the court must decide whether the record reflects a probability that a properly informed grand jury would not have found probable cause to indict; i.e., whether the grand jury would not have found a strong suspicion of guilt. This analysis requires a consideration of the relative strengths and weaknesses of the evidence supporting the probable cause finding necessary to indict and the undisclosed exculpatory evidence.

*Berardi v. Superior Court*, 57 Cal.Rptr.3d 170, 183 (Cal. App. 2007) (citation omitted). "[I]rregularities at grand jury proceedings should be closely scrutinized because protection of the defendant's rights is entirely under the control of the prosecution without participation by the defense." *Id.* at 184. "[T]he court must evaluate the record as a whole, taking into consideration all relevant factors," which include "the strength and nature of both the undisclosed exculpatory evidence and the probable cause evidence that was presented." *Id.*

> Regarding the disclosure errors, pertinent inquiries include the extent of the impact on the grand jury's independence and the extent to which the material could 'explain away the charge.' If the record shows that sufficient evidence of probable cause remains even after considering the undisclosed evidence, this does not end the analysis. The court must still determine if there is 'such an equal balance of reasonable probabilities as to leave the court in serious doubt' as to whether a properly informed jury would have declined to find probable cause to indict had it known of the omitted evidence. If so, the defendant has established the requisite substantial prejudice and is entitled to dismissal of the indictment.

*Id.* (internal citation omitted). Absent "grave doubt that the decision to indict was free from the substantial influence," a dismissal is not warranted. *Bank of Nova Scotia v. United States,* 487 U.S. 250, 256 (1988).

The Court is concerned that the grand jury's decision to indict Defendant on the Family Violence charge may not have been free from the substantial influence of the prosecutor

choosing to omit the statements regarding the alleged victim's injuries or lack thereof. Although there was probable cause for the jury to find that Defendant may have attempted to cause bodily injury to the victim based on the statements that Defendant tried to punch her, pulled her hair, and she fought to keep him out of the residence, "the fact that the record can support a finding of probable cause does not mean there is no reasonable probability the jury would have rejected such a finding," *Berardi,* 57 Cal. Rptr. 3d at 185–86, should the grand jury have heard the additional statements in light of Defendant being charged with either recklessly causing bodily injury or attempting to cause bodily injury to the victim. Accordingly, the Court finds that Defendant was prejudiced by the failure of the prosecutor presenting the exculpatory statements to the grand jury, and is entitled to dismissal of this charge.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss. All charges set forth in the Indictment filed February 25, 2020 are hereby dismissed without prejudice.

**IT IS SO ORDERED** this 4th day of December, 2020.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam